**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lonnie B. THOMPSON, Defendant–Appellant.**

**No. 02–3074.**

United States Court of Appeals, Sixth Circuit.

June 13, 2003.

Before: NELSON, BOGGS, and COLE, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

The single issue before the court is whether there was sufficient evidence for a jury to convict the defendant, Lonnie B. Thompson, of bank fraud. Concluding that there was, we shall affirm the conviction.

I

Mr. Thompson went to trial on four charges of bank fraud in violation of 18

U.S.C. § 1344. Said to be at the center of a scheme for manufacturing and negotiating counterfeit checks that were presented for payment at federally-insured banks, Mr. Thompson was claimed to be responsible for losses totaling $79,802.21.

Witnesses Kelly and Karen Guyton testified at trial that they assisted Mr. Thompson by providing him, at his request, the use of a rented computer at their residence. The two sisters also testified to obtaining and relaying to Mr. Thompson the account and routing numbers for checking accounts of customers of the grocery stores at which the two were employed. Although Kelly Guyton never claimed with absolute certainty that the defendant actually produced checks, she testified that she saw him using, at various times, a cutter to cut checks, latex gloves that he wore when operating the cutter, a paper shredder with which he disposed of check paper, and a check-producing computer program. When she informed him of a news article reporting a counterfeit scam in their area, she testified, he told her he would always stay one step ahead.

Two other associates of Mr. Thompson, Chico Rhasiatry and Daniel Id–Deen, testified to negotiating counterfeit checks given to them by Mr. Thompson. The defendant would request that the two purchase items for him using the checks. On one such occasion Mr. Rhasiatry was instructed to "go to a specific cashier, [at a grocery store, and] not fill out the check," at which point "the cashier would do most of the work." Both men also told the jury that they had seen Thompson producing checks with the computer and the other materials he had obtained.

Mr. Thompson eventually told Mr. Rhasiatry to destroy the computer. Instead, Mr. Rhasiatry kept the hard drive and transferred it to the FBI. The hard drive proved to contain images of checks, numbers arrayed in typical bank account format, and artifacts of Versicheck, a software program used to produce checks.

At the close of the government's case, Mr. Thompson moved for a judgment of acquittal. None of the government's witnesses, Mr. Thompson argued, connected him to the specific counterfeit checks identified in the indictment. The district court denied the motion, and the jury found Mr. Thompson guilty on all four counts. Mr. Thompson was sentenced to a 78–month term of imprisonment, and this timely appeal followed.

## II

Mr. Thompson's sufficiency-of-the-evidence argument fails if, "after viewing the evidence in the light most favorable to the prosecution, and after giving the government the benefit of all inferences that could reasonably be drawn from the testimony, *any* rational trier of fact could find the elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In applying this standard we do not "weigh the evidence presented, consider the credibility of witnesses, or substitute [our] judgment for that of the jury." *United States v. M/G Transport Services, Inc.,* 173 F.3d 584, 589 (6th Cir.1999).

In a prosecution for bank fraud under 18 U.S.C. § 1344, the government has the burden of proving the following: "(1) that the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; (2) that the defendant did so with the intent to defraud; and (3) that the financial institution was insured by the FDIC." *United States v. Hoglund,* 178 F.3d 410, 412–13 (6th Cir.1999). Mr. Thompson argues that the evidence only establishes that he might have participated in a counterfeit check scheme and not that he participated in the specific counterfeit

check scheme charged in his indictment. The argument is unpersuasive.

Government witnesses testified that they obtained bank account and routing numbers at Mr. Thompson's request and purchased items using counterfeit checks received from him. They also testified that they observed Mr. Thompson in the process of producing checks: utilizing a check-producing software program, cutting individual checks while wearing latex gloves, scanning and viewing images of signatures and checks on the computer. At trial, Mr. Id–Deen identified certain of the checks listed in the indictment as having been received from Mr. Thompson and cashed or used to purchase goods. And the jury could reasonably infer that counterfeit checks similar to those linked to Mr. Thompson by Mr. Id–Deen—checks drawn on the same accounts or made payable to the same persons—were also produced or passed by Mr. Thompson.

Viewing the record in the light most favorable to the prosecution, we conclude that the evidence was quite sufficient to justify a rational trier of fact in voting to convict Mr. Thompson. Accordingly, the judgment entered by the district court should be, and is,

**AFFIRMED.**